UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOME DÉCOR OF ELMWOOD OAKS, LLC | CIVIL ACTION |
| VERSUS | NO: 08-0762 |
| JIYOU ARTS AND FRAMES CO., ET AL. | SECTION: "R" |

**ORDER AND REASONS**

Before the Court is defendant Putian City Jiyou Arts & Frames's Motion to Dismiss for lack of personal jurisdiction and for *forum non conveniens*. For the following reasons, the Court DENIES the motion.

**I. BACKGROUND**

Plaintiff Home Décor of Elmwood Oaks is a Louisiana limited liability company that provides interior design and home decorating products and services. Its principal place of business is in Louisiana. Defendant Putian City Jiyou Arts & Frames Co. is a manufacturing company incorporated in the People's Republic of China. Its principal place of business is in China.

In 2007, Home Décor found Jiyou's contact information on the internet and requested a product catalog, which Jiyou sent to Home Décor's business address in Louisiana. Home Décor then contacted Jiyou by telephone, and the two companies entered into preliminary discussions for the sale of pre-painted decorative wood molding. At some time thereafter, Wan Chuan Lin, Home Décor's owner and sole proprietor, traveled to Jiyou's factory in China to see samples of the molding.[1] The parties discussed shipping merchandise from China to New Orleans as well as the possibility of a future course of business dealing. On April 19, 2007, Home Décor and Jiyou entered into a contract for the sale of pre-painted wood molding for $94,665.

Jiyou then shipped the molding to Louisiana. According to Home Décor, the molding that arrived in Louisiana "was defective in its entirety," rendering it "wholly unsuited for its intended use." (Lin Aff., R. Doc. 19-2 at ¶ 7.) Home Décor contacted Jiyou about the defective product, and Jiyou apparently arranged for an employee of one of its U.S.-based partners to inspect the molding. Home Décor claims that the employee "confirmed the defective quality of the moldings." (*Id.* at ¶ 8.) Despite Home

---

[1] Jiyou's representative claims that Mr. Lin inspected the actual moldings that were shipped to Louisiana, but the distinction is irrelevant for the purposes of this motion.

Décor's "repeated attempts to amicably resolve the dispute," Jiyou has allegedly "not refunded any of the money [Home Décor] paid." (*Id.*)

On January 28, 2008, Home Décor filed a complaint in this Court, asserting claims under Louisiana law for redhibition, breach of contract, detrimental reliance, breach of the covenant of good faith and fair dealing, unfair trade practices, and negligence. (*See* Pl.'s Compl., R. Doc. 1.) This Court administratively stayed the proceedings while Home Décor attempted to serve Jiyou with process. (*See* R. Doc. 13.) Jiyou has now filed a motion to dismiss for lack of personal jurisdiction and under the doctrine of *forum non conveniens*. (*See* R. Doc. 18.)

**II.  PERSONAL JURISDICTION**

    **A.  Legal Standard**

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that personal jurisdiction exists. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). If the district court declines to hold a full evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The allegations in the complaint

3

must be taken as true unless controverted by affidavits, and all factual conflicts must be resolved in favor of the plaintiff. *See id.; Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). In making its determination, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Thompson*, 755 F.2d at 1165.

A court has personal jurisdiction over a nonresident defendant if: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, *see* LA. REV. STAT. § 13:3201(B), a federal court sitting in Louisiana need only determine whether the exercise of its jurisdiction satisfies the requirements of constitutional due process.

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice."

*Latshaw*, 167 F.3d at 211 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The defendant's connection with the forum state must be such that he "should reasonably anticipate being haled into court" there. *Latshaw*, 167 F.3d at 211 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Minimum contacts may give rise to either "specific" jurisdiction or "general" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8-9 (1984). Specific jurisdiction exists when a plaintiff's cause of action arises from, or is related to, the nonresident defendant's minimum contacts. *Id.* at 414 n.8; *Wilson*, 20 F.3d at 647. General jurisdiction exists if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros*, 466 U.S. at 415; *Wilson*, 20 F.3d at 647. Home Décor does not allege that this Court has general jurisdiction over Jiyou. (*See* R. Doc. 19-1 at 6 n.22.)

The Fifth Circuit has synthesized these elements into a three-step inquiry for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3)

5

whether the exercise of personal jurisdiction is fair and
reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)(quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310F.3d 374, 378 (5th Cir. 2002)).  "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable."  *Id.*

**B.   Discussion**

Home Décor argues that Jiyou had the requisite minimum contacts with Louisiana:

> [Jiyou] knew with whom it was contracting; [Jiyou] knew where its merchandise was being shipped and delivered; and it was certainly reasonably foreseeable ... that by doing (significant) current and future business with a Louisiana firm in Louisiana that [Jiyou] may need to invoke the benefits and protections of the forum's laws.

(R. Doc. 19-1 at 7.)  Home Décor puts special emphasis on the place of delivery, which it describes as "an essential performance component of any business contract."  (*See id.* (citing *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 497 (5th Cir. 1974).)  According to Home Décor, the contract specified delivery in Louisiana, and Jiyou therefore had minimum contacts with the state.

6

When deciding whether minimum contacts with the forum state arise from a contract, the Court will "evaluate 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Seiferth*, 472 F.3d at 271.  It is well-established in the Fifth Circuit that entering into a contract with a resident of the forum state does not by itself establish minimum contacts. *See Latshaw*, 167 F.3d at 211 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985)); *see also Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 312-13 (5th. Cir. 2007).  "Mere foreseeability, standing alone, does not create jurisdiction." *Moncrief Oil*, 481 F.3d at 313.  Otherwise, "jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state." *Id.* In order to prove that Jiyou had minimum contacts with Louisiana, Home Décor must therefore establish something beyond the mere existence of a contractual relationship between Jiyou and a forum company.

The circumstances leading up to the formation of the contract and surrounding performance of the contract indicate that Jiyou had the requisite minimum contacts with Louisiana.  At nearly every step, Jiyou affirmatively directed its activities and attentions toward Louisiana for the purpose of obtaining the

benefits of a business relationship with a Louisiana company. Although Jiyou did not initiate contact with Home Décor, it sent a product catalog to Louisiana at Home Décor's request, presumably for the purpose of soliciting Home Décor's business. (*See* Lin Aff., R. Doc. 19-2 at ¶ 3.)  Jiyou then entered into "preliminary negotiations by telephone" with the owner of Home Décor, who was located in Louisiana. (*Id.* at ¶ 4.)  During further in-person negotiations in China, representatives from the two companies "discussed entering a prolonged business relationship involving the shipment of by Jiyou Group of various merchandise to Home Décor in Louisiana." (*Id.* at ¶ 5.)  Finally, although the details of the contract formation are somewhat vague, it appears from the affidavits submitted by Jiyou that the deal was finalized via some sort of communication between Home Décor in Louisiana and Jiyou in China. (*See* Zhong Aff., R. Doc. 18-4 at ¶ 5 ("On or about April 19, 2007, Plaintiff contacted [Jiyou] and ordered $94,665.00 in wooden molding ... .").)

It is clear from the record that the "prior negotiations [between the parties] and contemplated future consequences" of their business relationship, *Seiferth*, 472 F.3d at 271, established more than a "[r]andom, fortuitous, or attenuated" connection between Jiyou and Louisiana. *Moncrief Oil*, 481 F.3d at 313.  In negotiating with Home Décor over the phone and

discussing what was anticipated to be a continuing business relationship, Jiyou "specifically and deliberately 'reached out'" to a Louisiana company by telephone "with the aim of entering into a longstanding contractual relationship" with a Louisiana company. *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 382 (5th Cir. 2003).

The "terms of the contract and the parties' actual course of dealing," *Seiferth*, 472 F.3d at 271, further suggest that Jiyou should have reasonably anticipated being haled into court in Louisiana. As Jiyou's representative affirmed, the parties agreed that the molding would be "shipped from Defendant's factory in China to Plaintiff's place of business in Louisiana." (Zhong Aff., R. Doc. 18-4 at ¶ 5.) Although the representative averred that "[t]he shipment of goods to [Home Décor] was the first and only time [Jiyou] has ever shipped any of its goods to Louisiana or been in contact with any business in Louisiana" (*id.* at ¶ 8), a "single purposeful contact is sufficient to confer personal jurisdiction if the cause of action arises from the contact." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 379 (5th Cir. 2002). Moreover, like the contract at issue in *Central Freight Lines, Inc. v. APA Transport Corp*, the contract does not contain a forum selection clause, a choice of law clause, or any other provision that would give Jiyou reason to

9

think that it could not be haled into court in Louisiana in the event of a beach of contract. *Central Freight Lines*, 322 F.3d at 383.

In sum, the Court is satisfied that Jiyou had sufficient contacts, proximately resulting from Jiyou's own actions, to create a "substantial connection" with Louisiana. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). As in *Central Freight Lines*, the terms of the contract, the parties' negotiations, and their anticipated future business relationship make it clear that Jiyou "purposefully directed its in-state and out-of-state activities at a resident of the forum ... with the aim of establishing a long-term association with that resident and with the foreseeable and intended result of causing economic activity within the forum state." *Central Freight Lines*, 322 F.3d at 383. In other words, Jiyou purposefully availed itself of the privilege of conducting business activities within Louisiana, and thereby invoked the benefits and protections of Louisiana's laws. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

It is also clear that Home Décor's claims, which all concern the alleged breach of the contract for shipment of molding to Louisiana, arise out of Jiyou's forum-related contacts. *See Seiferth*, 472 F.3d at 271. The Court therefore finds that Jiyou

"should have reasonably anticipated being haled into court" in Louisiana on breach of contract claims related to its agreement with Home Décor. Home Décor has satisfied its burden with respect to the first two prongs of the specific jurisdiction test.

It now becomes Jiyou's burden "to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271. This prong of the analysis requires consideration of "the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic equities." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (quoting *Southwest Offset, Inc. v. Hudco Publ'g Co.*, 662 F.2d 149, 152 (5th Cir. 1980)). Jiyou makes no argument and offers no evidence with respect to this prong. The Court therefore finds that Jiyou has not met its burden of showing that the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. Jiyou's Motion to Dismiss must be denied as to personal jurisdiction.

### III. *FORUM NON CONVENIENS*

The doctrine of *forum non conveniens* essentially allows a court to decline jurisdiction and dismiss a case, even when the

case is properly before the court, if the case may be more conveniently tried in another forum. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). The doctrine "rests upon a court's inherent power to control the parties and the cases before it and to prevent its process from becoming an instrument of abuse or injustice." *In re Air Crash Disaster Near New Orleans v. Pan American World Airways, Inc.*, 821 F.2d 1147, 1153, 54 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom., Pan Am World Airways, Inc. v. Lopez*, 490 U.S. 1032, 104 L. Ed. 2d 400, 109 S. Ct. 1928 (1989), *opinion reinstated on other grounds*, 883 F.2d 17 (5th Cir. 1989) (en banc). The doctrine allows dismissal of a case "because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." *In re Volkswagen*, 545 F.3d at 313 n.8 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Because the doctrine "not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely," it is subject to "careful limitation." *Id.*

In analyzing whether a case should be dismissed for *forum non conveniens,* the Court must first determine whether an adequate alternative forum exists. *DTEX, LLC v. BBVA Bancomer,*

*S.A.*, 508 F.3d 785, 794 (5th Cir. 2007). The alternative forum must be both available and adequate. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). A forum is available if "the entire case and all parties can come within the jurisdiction of that forum." *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002) (citing *In re Air Crash Disaster*, 821 F.2d at 1165). A forum is adequate if the parties will not be deprived of all remedies or treated unfairly. *See Alpine View*, 205 F.3d at 221. If the defendant shows that an adequate alternative forum exists, the court must then consider whether certain private and public interest factors weigh in favor of dismissal. *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001). The defendant bears the burden of persuading the court that a lawsuit should be dismissed on *forum non conveniens* grounds. *DTEX*, 508 F.3d at 794.

In this case, Jiyou has not demonstrated that an alternative forum is either available or adequate. Jiyou argues in its brief that China is an available forum because its courts can "exercise jurisdiction [and] enforce a judgment against the parties." (R. Doc. 18-2 at 8.) This conclusory statement is not enough to satisfy Jiyou's burden. Jiyou has presented no evidence as to which courts in China, if any, would have jurisdiction over the parties and the claims, nor has it agreed to waive any available

13

jurisdictional defenses.  *Compare Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 728 ("Klaveness has already certified that it will submit to service of process and jurisdiction in the Philippines.  Therefore, the Philippines is an available forum.").  Without such evidence, the Court has no basis for judging the accuracy of Jiyou's assertions.  If the Court were to dismiss the case based on the current record, Home Décor might bring its case to China only to discover that the claims are not amenable to jurisdiction there.  Jiyou has not carried its burden of demonstrating that "the entire case and all parties can come within the jurisdiction of [the alternative] forum."  *Gonzalez*, 301 F.3d at 379.

With respect to the adequacy of an alternative forum, Jiyou asserts that "neither party will be deprived of all remedies or treated unfairly" in a Chinese court.  (R. Doc. 18-2 at 8.)  Although "considerations of comity preclude a court from adversely judging the quality of a foreign justice system absent a showing of inadequate procedural safeguards," *PT United Can Co. v. Crown, Cork & Seal Co.*, 138 F.3d 65, 73 (2d Cir. 1998), it is ultimately the moving party's burden to introduce enough evidence to enable the district court to find that an adequate alternative forum exists.  *See DTEX*, 508 F.3d at 794 ("The defendants bear the burden of proof on all elements of the *forum non conveniens*

analysis."); *see also BCCI*, 273 F.3d at 247-48 (holding that case law permitting dismissal based on "justifiable belief" that a foreign forum is adequate does not "excuse the district court from engaging in a full analysis of those issues of foreign law or practice that are relevant to its decision, or from closely examining all submissions related to the adequacy of the foreign forum"); *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001) ("Courts have been strict about requiring that defendants demonstrate that the alternative forum offers at least some relief."). Because Jiyou has submitted no evidence at all on this point, the Court finds that Jiyou has not carried its burden.

Even if Jiyou had presented evidence as to the availability and adequacy of an alternative forum, it still would not prevail because it has not demonstrated that the "strong presumption" in favor of a plaintiff's choice of his home forum, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981), has been overcome by the balance of private and public interest factors. Referring to the private interest factors discussed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947),[2] Jiyou argues that it "resides in China, as

---

[2] The factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of [the] premises, if

15

do all of the known witnesses (other than Plaintiff), documents and materials, which might be required to defend against Plaintiff's spurious claims." (R. Doc. 18-2 at 7.) Although Jiyou has submitted no proof on these points, *cf. Piper Aircraft*, 454 U.S. at 258 ("Of course, defendants must provide enough information to enable the District Court to balance the parties' interests."), it appears that the witnesses and evidence are roughly equally divided between the two countries. On the one hand, the employees of Jiyou who negotiated the contract and participated in manufacturing the molding, the physical evidence relating to the manufacturing process, and the government inspectors are likely in China. On the other hand, the employees of Home Décor who negotiated the contract, the allegedly defective molding itself, and the employee of Jiyou's affiliate who inspected the molding after delivery are likely in the United States. The Court cannot say that the private interest factors definitively point one way or the other.

---

view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive [;] ... enforceability of judgment ... [; and whether] the plaintiff [has sought to] 'vex,' 'harass,' or 'oppress' the defendant." *Gulf Oil*, 330 U.S. at 508.

With respect to the public interest factors,[3] China and Louisiana both appear to have an interest in having transcontinental contract disputes involving their citizens decided locally. Jiyou has not pointed to any particular policy or administrative reasons why a trial in China would be superior to one in Louisiana. As this analysis makes plain, the balance of private and public interest factors does not tilt "strongly in favor of the defendant." *Gulf Oil*, 330 U.S. at 508. Consequently, Jiyou cannot overcome the "strong presumption" in favor of Home Décor's choice of its home forum. *Piper Aircraft*, 454 U.S. at 255.

Because Jiyou has neither shown that an adequate alternative forum exists, nor shown that a trial in an alternative forum "will best serve the convenience of the parties and the interests of justice," *In re Air Crash*, 821 F.2d at 1162 (quoting *Koster v. Am. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527 (1947)), its Motion to Dismiss must be denied as to *forum non conveniens*.

---

[3] Those include "administrative difficulties, reasonableness of imposing jury duty on the people of the community, holding the trial in the view of those affected, and local interest in having localized controversies decided at home." *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 269 n.14 (5th Cir. 2001).

**IV. CONCLUSION**

For the foregoing reasons, Jiyou's Motion to Dismiss is DENIED.

New Orleans, Louisiana, this 23rd day of January, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE